Wm. Galloway *et al.*, and Sarah Perry, Executrix of Rorert T. Perry, and Young S. Pickard *v.* Wm. Galloway *et al.*

1. ALLEGATIONS IN BILL. *Competent for complainant to show amount due him. When. Pleading. Practice.* Where the allegations of a bill do not state the exact amount of indebtedness, but allude to various sums which complainant may have to pay, and there is a prayer for general relief, then the complainant may show by proof what the sum due him is, nor is it material that no account was prayed for.

2. SAME. *Bill of review. Supreme Court will not re-examine evidence under. When.* The Supreme Court will not, under a bill of review, re-examine evidence to ascertain whether a decree is sustained by the proof or founded upon improper or insufficient evidence.

   Case cited: Eaton *v.* Dickinson, Adm'r, 3 Sneed, 397.

3. TAKING OF ACCOUNT. *Notice. Want of. Not error to be corrected by bill of review. When.* While the want of notice of the taking of an account is matter of exception, it is not error of a character to be corrected by a bill of review.

4. SAME. *Demurrer may be filed. When. Pleading.* A defendant may file his demurrer, even though a motion to dismiss, containing the same objections as embraced in the demurrer has been disallowed.

   Code cited: § 3157.

---

FROM MAURY.

---

DEADERICK, J., delivered the opinion of the Court.

These two bills were filed respectively on the 20th of September, 1867, and 4th of April, 1868, in the Chancery Court at Columbia, to review and reverse

decrees rendered against said complainants in said Court, in favor of Galloway and Matthews.

The ground upon which reversal of the decrees is sought is, that there are errors apparent upon the face of the decrees, and several grounds of error are assigned in the bills.

At the October term, 1868, demurrers were filed to both bills, with the answers, and were set down for argument and heard together, the Court, by consent of the parties, having ordered that the two cases be consolidated and heard together.

Upon the argument of the demurrers, the Court overruled the demurrer to the bill of Wm. Perry, Jr., upon the ground that a motion to dismiss at the previous term had been made and disallowed, and upon the construction that the motion to dismiss covered the objections to the bill taken by the demurrer, and had been passed upon a previous term. The demurrer to the bill of Mrs. Perry, executrix, and Y. S. Pickard was allowed and their bill dismissed, and both causes were brought here as to the bill of Wm. Perry, by leave of the Court, by appeal, under the provisions of our statute allowing an appeal in the discretion of the Chancellor upon overruling a demurrer. § 3157 Code.

The original bill was filed in 1861, by Galloway, Vaughn & Matthews, against Wm. Perry, Jr., and others, alleging that said Perry was indebted to them severally, and was about fraudulently to remove his property from the State. They prayed for an attach-

ment, which was levied upon a considerable amount of personal property, which was replevied by said Wm. Perry, Jr., Robert T. Perry, the testator of complainant (Sarah), and Young S. Pickard becoming his sureties on the bond.

Vaughn's debt was satisfied, and the bill was dismissed as to him. Matthews' debt is not seriously contested, being for a comparatively small amount, and the main controversy is as to the decree in favor of Galloway.

In the progress of the original cause, an account was ordered at the September term, 1865, which was taken by the Master and result reported, to which report the solicitor of Perry filed several exceptions, all of which were allowed. After the exceptions were allowed, the report showed $313.48 due Matthews, and $3,592.77 due to Galloway, for which sums respectively a decree was rendered in their favor at the March term, 1866, and a further report was directed to be made by the Master, as to what had become of the property attached, the bond of Perry and his sureties having been lost or destroyed.

At the September term, 1866, an order was made, in which it is recited that it is suggested that the property in this case attached was replevied by Perry, and that he gave bond, with Robert T. Perry and Y. S. Pickard as his sureties, and it being admitted that said Robert T. is dead, and said Sarah C. is his executrix, by consent of complainants and said Pickard and Sarah C., and their counsel, said Sarah C.

and Pickard are admitted and made parties defendant in said cause, but as to whether they (Pickard and Robert T.) were securities or liable upon said bond, and the extent of their liability was not adjudged, but reserved, and the cause was left open for either party to take proof.

Depositions were taken, and the Master having reported on the testimony taken, that some eleven slaves and a large amount of other property was attached, and that Robert T. Perry and Y. S. Pickard were the sureties upon a replevin bond executed for the delivery of the property, and no exception being taken to the report, it was confirmed, and the Court proceeded to render a decree against Sarah C., executrix, and Pickard for the amount of the recovery of complainants.

1. It is objected that the decree is erroneous upon its face, because it adjudges a greater amount due to Galloway than is claimed by his bill.

Galloway's allegations in his bill are that Perry is justly indebted to him on a final settlement some $500 or $600, or perhaps a larger amount, and that he is stayor and security for him for about $700 or $800. The amount of indebtedness is not precisely stated, nor does Galloway assume to know how their accounts stand, as they had had large transactions as co-contractors in building a railroad, but he prays that the proceeds of sale of said property may be applied to the complainants' debts against Perry, and to relieve him of liability as stayor and security for

him and for general relief. Under these allegations we think *it* was competent for the complainant to show what the true amount of indebtedness to him was, nor do we think there is any thing in the objection that no account was prayed for in the bill. The Chancellor might well direct the Clerk and Master, for his own relief and satisfaction, to ascertain the amounts due to complainant.

It was no injury to defendant that he was afforded the opportunity to contest the question of his liability on the coming in of the Master's report.

Neither is there any thing in the fact insisted on that Perry had no notice of the taking of the account. For this reason he might have excepted, but it is not error of a character to be corrected by bill of review.

Many other errors are assigned in the bill and in argument which, or some of which, might be grounds of reversal upon appeal. But we are precluded in proceedings under bills of review to re-examine the evidence to ascertain whether the decree is sustained by the proof, or whether it is founded upon insufficient or improper evidence; but the inquiry is, whether the decree, in point of law, is erroneous, upon the facts assumed in the decree itself. 3 Sneed, 397.

The facts assumed in the decree are that the defendant (Perry) is indebted, and that Robert T. and Pickard were his sureties for the forthcoming of a large amount of property, more than sufficient to pay this indebtedness, and that they are liable as such

Wm. Galloway *et al.* and Sarah Perry *v.* Wm. Galloway *et al.*

sureties to the amount of the debts due complainants, for which decree was rendered.

The demurrer to the bill of Sarah C. Perry, executrix, and Y. S. Pickard was properly sustained. And the demurrer to the bill of Perry should also have been sustained, as the defendant is not deprived of his right to demur, because he has previously entered a motion to dismiss, which has been disallowed.

The decree dismissing the bill of Sarah C. Perry, executrix, and Pickard will be affirmed, and the decree overruling the demurrer to the bill of Perry will be reversed, and the demurrer will be sustained and the bill dismissed.